IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD L. BRICKER,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-07-00481** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **SUPERINTENDENT OF** | : | |
| **SCI-MERCER***, et al.***, | : | |
| | : | |
| **Respondents** | : | |

# M E M O R A N D U M

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254, filed by petitioner Ronald L. Bricker ("Bricker"), an inmate currently

incarcerated at the State Regional Correctional Facility in Mercer, Pennsylvania

("SRCF-Mercer").  (Doc. 1.)  Bricker is challenging his state conviction and sentence

in the Court of Common Pleas for Dauphin County, Pennsylvania ("trial court" or

"Dauphin County trial court").  For the reasons that follow, the petition will be

denied.

## I.      Background

During 2003 and 2004, Bricker was charged with various offenses at multiple docket numbers within the trial court.[1]  Initially, at docket number 1246 CR 2003, following a jury trial, Bricker was found guilty of one count of bad checks, *see* 18 Pa. Cons. Stat. Ann. § 4105(a)(1).  On January 8, 2004, Bricker was sentenced to a term of imprisonment of not less than one (1) nor more than two (2) years.  On January 12, 2004, Bricker filed a motion for modification of sentence, which was denied by the trial court on January 15, 2004.  On September 23, 2004, Bricker filed an untimely motion for appeal in the trial court.  Bricker filed an addendum to that motion on October 26, 2004.  Bricker claims that the trial court appointed counsel to file an amended notice of appeal, but his appointed counsel failed to file that appeal.  (Doc. 1 at 6.)

Additionally, following a jury trial conducted from August 9 to 12, 2004, Bricker was found guilty of eight (8) counts of theft by deception, *see* 18 Pa. Cons. Stat. Ann. § 3922(a)(1), and seven (7) counts of deceptive business practices, *see* 18

---

[1] Respondents note that the trials relevant to the instant petition have not been transcribed.  (Doc. 13 at 4.)  In light of the disposition of the petition herein, the court does not deem it necessary to direct Respondents to petition the trial court for transcripts of these trials.

Pa. Cons. Stat. Ann. § 4107(a)(2).[2]  On October 7, 2004, the trial court sentenced

Bricker to an aggregate term of imprisonment of not less than twenty-one (21) months

nor more than eighty-four (84) months.  On October 15, 2004, Bricker filed a motion

to modify sentence, arguing that the sentence imposed was outside the statutory

maximum.  The trial court granted the motion on October 19, 2004, and adjusted the

maximum sentence to sixty (60) months.  Bricker filed no further appeals with the

trial court, the Pennsylvania Superior Court, or the Pennsylvania Supreme Court.  In

addition, Bricker did not seek collateral relief by filing a petition pursuant to the Post-

Conviction Relief Act, 42 Pa. Cons. Stat. Ann. § 9541, *et seq*., in the trial court.

On September 21, 2005, Bricker filed a praecipe for writ of summons in a civil

action in the Court of Common Pleas of Mercer County against several parties

including the Commonwealth of Pennsylvania, the trial court judge, his defense

attorneys, and witnesses for the Commonwealth.  All parties objected to the writ on

the basis that it was filed in the inappropriate venue.  The Mercer County trial court

agreed, and on January 12, 2006, transferred the case to the Dauphin County trial

court.  On April 19, 2006, the trial court dismissed the complaint against all

---

[2]  These counts were consolidated from docket numbers 3193 CR 2003,
3308 CR 2003, 3450 CR 2003, 4536 CR 2003, 4411 CR 2003, 4412 CR 2003, and
1377 CR 2004.  (Doc. 14 at 3.)

defendants.  Bricker filed a timely notice of appeal to the Pennsylvania Superior

Court which transferred the matter to the Commonwealth Court of Pennsylvania.  On

January 29, 2007, the Commonwealth Court dismissed Bricker's appeal for failure to

file a brief.  Bricker filed a petition for allowance of appeal which was denied by the

Pennsylvania Supreme Court on May 7, 2007.

On March 3, 2007, Bricker filed the instant petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  In his petition, Bricker appears to be

asserting claims of ineffective assistance of counsel as to his trial counsel and

appellate counsel.  Additionally, he appears to be claiming that all parties involved,

including the trial court judge, the district attorney, the Commonwealth witnesses,

and his own attorneys, conspired to have him convicted of the charges set forth

against him.  On April 26, 2007, the court issued an order to show cause, directing

Respondents to reply to Bricker's petition.  (Doc. 7.)  The matter is now ripe for

disposition.

## II.   <u>Discussion</u>

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism

for a state prisoner to challenge the "fact or duration" of his confinement.  *Preiser v.*

*Rodriguez*, 411 U.S. 475, 498-99 (1973).  "[I]t is not the province of a federal habeas

4

court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  § 2254(a); *see also Estelle*, 502 U.S. at 68; *Johnson v. Rosemeyer*, 117 F.3d 104, 109 (3d Cir. 1997).

## A.   Exhaustion and Procedural Default

Petitions under § 2254 are not a substitute for direct appeal.  It is well established that all claims that a petitioner in state custody attempts to present to a federal court for habeas corpus review must have been fairly presented to each level of the state courts.  § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).  "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights."  *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992).  The burden of establishing that such claims were "fairly presented" falls upon the petitioner.  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).  *See also*

5

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."). The petitioner must show that "the claim brought in federal court [is] the substantial equivalent of that presented to the state courts." *Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989) (citations omitted).

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *McCandless*, 172 F.3d at 260.

Upon a finding of procedural default, review of a federal habeas petition is barred unless the habeas petitioner can show that "(1) the procedural rule was not independent and adequate; (2) cause for his failure to comply with state procedural rules and prejudice resulting therefrom; or (3) that a fundamental miscarriage of justice will occur if not considered." *Peterkin v. Horn*, 176 F. Supp. 2d 342, 353

6

(E.D. Pa. 2001), *amended by* 179 F. Supp. 2d 518 (E.D. Pa. 2002).  *See also Doctor v. Walters*, 96 F.3d 675, 683 (3d Cir. 1996).

First, "[a] state [procedural] rule provides an independent and adequate basis for precluding federal review of a state prisoner's habeas claims only if: (1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state court's refusal in this instance is consistent with other decisions."  *Id.* at 683-84.  "A state [procedural] rule is adequate only if it is 'consistently and regularly applied.'"  *Id*. at 684 (citations omitted).

Next, a federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims.  *See Coleman*, 501 U.S. at 750-51; *McCandless*, 172 F.3d at 260.  To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To demonstrate actual prejudice, the petitioner must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial

7

disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Lastly, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger*, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

In the present case, Respondents maintain that Bricker has failed to exhaust any of his claims in the state courts. In support, Respondents observe that Bricker did not perfect a direct appeal in the Superior Court or file a PCRA petition in the trial court. Respondents contend that, instead of filing appeals challenging his conviction and sentence, Bricker filed a civil lawsuit which was eventually resolved by the Commonwealth Court. Bricker counters that he did, in fact, attempt to appeal his conviction and sentence in state court, but his court-appointed counsel failed to perfect any of those appeals. As a result, state appellate courts were not given an opportunity to consider the merits of his claims, either on direct or collateral review.

8

Thus, Bricker has not satisfied the exhaustion requirement of § 2254(b)(1)(A); *see also Lines*, 208 F.3d at 160 ("Petitioners who have not fairly presented their claims to the highest state court have failed to exhaust those claims.").

Further, Bricker is now precluded from raising any issues related to his conviction and sentence in a PCRA petition because such a petition is now barred by the one-year statute of limitations. *See* 42 Pa. Cons. Stat. Ann. § 9545(b)(1) (PCRA petition generally must "be filed within one year of the date the judgment becomes final."). *Whitney v. Horn*, 280 F.3d 240, 251 (3d Cir. 2002) ("It is now clear that this one-year limitation is a jurisdictional rule that precludes consideration of the merits of any untimely PCRA petition, and it is strictly enforced in all cases, including death penalty appeals."). Accordingly, Bricker has procedurally defaulted on all of his claims and the court may not consider the merits unless he establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his default. After a review of the record, the court finds that he has made no such showing.

Again, to demonstrate cause for a procedural default, the petitioner must show that some objective factor external to the defense impeded his efforts to comply with the State's procedural rule. *Carrier*, 477 U.S. at 488. In the instant case, Bricker alleges that the "cause" for his procedural default was his court-appointed counsel's

9

failure to perfect any of his appeals.  This claim of ineffective assistance of counsel, however, is insufficient to sustain Bricker's burden of showing "cause" for his default.

In *Edwards v. Carpenter*, 529 U.S. 446 (2000), the Supreme Court acknowledged that assistance of counsel which is so ineffective as to violate the Federal Constitution is adequate to establish "cause" for the procedural default of another constitutional claim.  *Id*. at 451.  However, that ineffectiveness of counsel claim is *itself* an independent constitutional claim that must "be presented to the state courts as an independent claim before it may be used to establish cause for procedural default."  *Id*. (quoting *Carrie*r, 477 U.S. at 489).

Here, there is nothing in the record to indicate that Bricker has attempted to raise ineffective assistance of counsel claims in the state courts.  As such, he has failed to establish "cause" for the procedural default of his claims.  Further, to the extent that Bricker claims he is innocent because not only have all parties involved conspired to convict him of the charges, but also any charge against him should have been brought in a civil suit rather than under a criminal docket, he has not put forth any newly discovered exculpatory evidence which would justify the court's invocation of the "fundamental miscarriage of justice" exception.  Consequently,

10

Bricker is precluded from pursuing federal habeas corpus relief with regard to his claims.

**B.      Timeliness of Habeas Petition under Section 2254**

In their response to the petition, Respondents assert that Bricker's petition is barred under the one-year statute of limitations found at 28 U.S.C. § 2244(d).  Upon review of the procedural history of the case, the court agrees with Respondents.

The relevant language that discusses the time limits applicable to Bricker's § 2254 petition states that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

11

judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the present case, Bricker was sentenced by the Dauphin County trial court on

January 8, 2004, and October 19, 2004.[3]  He had thirty (30) days from each of those

sentencing dates to file a notice of appeal with the Superior Court.  However, he did

not perfect an appeal in either case.  In addition, he did not file a PCRA petition in the

trial court.  As a result, pursuant to § 2244(d), Bricker's one-year statute of

limitations for filing a habeas petition under § 2254 with respect to his January 8,

2004, sentence, expired on February 9, 2005.  The limitations period with respect to

his October 19, 2004, sentence expired on November 18, 2005.  Thus, Bricker's

March 14, 2007, habeas petition was filed well after the one-year statute of

limitations set forth in § 2244(d).  As he has not set forth any impediments to the

discovery of his issues which would have prevented the timely filing of a habeas

petition, the instant petition must be dismissed as time barred by the statute of

limitations provided in § 2244(d).

---

[3]  Bricker was initially sentenced on October 7, 2004; however, the trial
court adjusted the maximum date of the sentence upon consideration of a motion filed
by Bricker.  *See supra* p. 2.

12

III.    **<u>Conclusion</u>**

Based on the foregoing discussion that Bricker has procedurally defaulted his claims and his habeas petition is time barred by the statute of limitations provided in § 2244(d), the petition for writ of habeas corpus will be denied.

An appropriate order will issue.


s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  December 12, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD L. BRICKER,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-07-00481** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **SUPERINTENDENT OF** | : | |
| **SCI-MERCER**, *et al.*, | : | |
| | : | |
| **Respondents** | : | |

# O R D E R

Upon consideration of the petition for writ of habeas corpus (Doc. 1), and for

the reasons set forth in the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**;

2. The Clerk of Court is directed to **CLOSE** this case; and

3. There is no basis for the issuance of a certificate of appealability.  *See* 28

U.S.C. § 2253(d).

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  December 12, 2007.